# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LATRAIL WHITE,<br>　　　　Plaintiff,<br>　v.<br>ROB ST. ANDRE,<br>　　　　Defendant. | Case No.  25-cv-09317-BLF<br><br>**ORDER GRANTING MOTION FOR A STAY; AND ADMINISTRATIVELY CLOSING CASE**<br><br>[Re: ECF No. 2] |

Latrail White ("Petitioner") has filed a petition for habeas corpus under 28 U.S.C. § 2254. ECF No. 1 ("Pet."). Before the Court is Petitioner's motion to stay his federal habeas proceedings so that he may exhaust his claims in state court. ECF No. 2 ("Mot."). For the reasons that follow, the Court GRANTS Petitioner's motion to stay his federal habeas proceedings.

## I.  BACKGROUND

According to the petition, Petitioner was found guilty by a jury in Alameda County Superior Court of murder, shooting from a motor vehicle, unlawful firearm activity, and carrying a loaded firearm on one's person in a city. Pet. ¶¶ 2–13. On October 13, 2022, Petitioner was sentenced to life without the possibility of parole, three years in state prison, and one year in county jail. Pet. ¶ 15. Petitioner appealed the matter to the state appellate and high courts. Pet. ¶¶ 17-21. The California Court of Appeal remanded for the "limited purpose of correcting the sentencing minute order and abstract of judgment." Pet. ¶ 18. However, the judgment was otherwise affirmed, so the appeals were without success. Pet. ¶¶ 17–21. The California Supreme Court denied review on July 31, 2024. Pet. ¶ 21. On October 29, 2025, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction. *See* Pet. On the same day, Petitioner moved to stay and abey his petition so that he may exhaust his unexhausted claim.

## II. LEGAL STANDARD

A federal court may consider claims presented in a habeas petition only where the petitioner has exhausted his state remedies. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). A district court must dismiss a habeas petition that contains both exhausted and unexhausted claims. *Id.* However, a district court is permitted to stay a mixed petition containing both exhausted and unexhausted claims so that the petitioner may exhaust his claims in state court while still complying with the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005). A mixed petition may be stayed where (1) the petitioner has good cause for his failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278. Good cause turns on whether the petitioner can set forth a reasonable excuse supported by sufficient evidence to justify the failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

In *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), the Ninth Circuit authorized an alternative three-step procedure whereby habeas petitioners could stay properly exhausted claims in their federal habeas petitions while returning to state court to exhaust any additional, unexhausted claims they wished to raise. Under *Kelly*, (1) a petitioner amends his federal habeas petition to remove any unexhausted claims, (2) the court holds the fully exhausted claims in abeyance until the petitioner has exhausted the claims that he removed, and then (3) the petitioner amends the stayed petition to add the newly exhausted claims. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Under the *Kelly* procedure, a petitioner need not show good cause but instead must show that any newly exhausted claims "share a common core of operative facts" with the previously exhausted claims or comply with the statute of limitations. *Id.* at 1140–43.

## III. DISCUSSION

Petitioner moves to stay his federal habeas proceedings under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). In the alternative, Petitioner seeks to stay and abey his petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).

2

The Court has discretion to stay a petition under either *Kelly* or *Rhines*, and finds that a *Rhines* stay is more appropriate under the circumstances. *See King*, 564 F.3d at 1141; *see also Kayik v. Diaz*, No. 12-cv-5907-TEH, 2013 WL 1759610, at *1 (N.D. Cal. Apr. 24, 2013). The Court further finds that the argument under the *Rhines* framework is dispositive and so begins with an analysis under *Rhines*.

Petitioner argues that he qualifies for a *Rhines* stay because he has established good cause for failing to exhaust his ineffective assistance of counsel claim. Mot. at 6. He also argues that his claims are meritorious, and there is no indication that he has been intentionally dilatory because he has "diligently pursued his appellate and post-conviction rights." *Id.*

Claim One of the petition asserts that Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments because the trial court failed to properly instruct the jury on imperfect self-defense and voluntary manslaughter. Pet. ¶ 23–26. Claim Two asserts that Petitioner was denied his federal constitutional right to due process under the Fourth, Fifth, Sixth, and Fourteenth Amendments because the trial court failed to suppress phone records that were the fruits of an unconstitutional search. Pet. ¶ 28–30. Claim Three asserts that Petitioner was denied his federal constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments due to ineffective assistance of trial counsel. Pet. ¶¶ 31–34. Claims one and two are exhausted; claim three is not. Pet. ¶¶ 17, 20. Accordingly, the petition is a mixed petition because it presents both exhausted claims and an unexhausted claim. *See Rhines*, 544 U.S. at 273.

The Court finds that Petitioner has not engaged in dilatory tactics and the unexhausted claim is potentially meritorious. *See id.* at 278. Moreover, the Court finds that Petitioner's inability to exhaust his ineffective assistance of counsel claim while his direct appeal was pending amounts to good cause. *See id; see also People v. Carrasco*, 59 Cal.4th 924, 980 (2014) ("Usually, ineffective assistance of counsel claims are properly decided in a habeas corpus proceeding rather than on appeal."). Accordingly, Petitioner's motion to stay this action while he exhausts his remaining claim in state court is GRANTED. Because the Court finds that Petitioner

has satisfied the requirements under *Rhines*, the Court need not consider Petitioner's motion to stay under the *Kelly* framework.

### IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1)    Petitioner's request to stay the petition is **GRANTED**. ECF No. 2. The above-titled action is hereby **STAYED** until **twenty-eight (28) days** after the state high court's final decision on Petitioner's unexhausted claim.

(2)    If Petitioner intends to have this Court consider the unexhausted claim, he must have properly presented it to the Supreme Court of California, and if he has not obtained relief in state court, thereafter notify the Court **within twenty-eight (28) days** of the California Supreme Court's decision, by filing a motion to reopen this action and stating therein that all the claims in the instant federal petition have been exhausted. If he has not already done so, Petitioner must file a state habeas petition **within sixty (60) days** from the date this order is filed and file notice with this Court that he has done so.

(3)    The Clerk shall **ADMINISTRATIVELY CLOSE** the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that he has exhausted his additional claim, the case will be administratively re-opened.

Dated:  December 5, 2025

_____
BETH LABSON FREEMAN
United States District Judge

4